IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LOLA T. COLLINS WELCH,**  CASE NO. 3:21 CV 2022

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**GEORGETOWN VILLAGE, et al.,**

    Defendants.  **MEMORANDUM OPINION AND ORDER**

### BACKGROUND

*Pro se* plaintiff Lola T. Collins Welch has filed this action against Georgetown Village and Monarch Investment and Management Group ("Monarch") (Doc. 1). For the reasons that follow, this action is dismissed.

On October 26, 2021, Plaintiff filed a brief Complaint containing the words "Retaliation/Discrimination," a purported explanatory paragraph in support of her allegations, and a request for monetary damages. *See* Doc. 1. It appears Plaintiff's Complaint concerns a residential lease with Georgetown Village. Plaintiff alleges Georgetown Village evicted her after she placed her rent in escrow. She generically claims her "rights were violated" because the judge in Toledo Municipal Court had "his mind made up prior to hearing [her] testimony." She contends Georgetown Village kept her security deposit and continued to bill Plaintiff for past due rent. *See id.* The Complaint contains no allegations against Monarch.

**STANDARD OF REVIEW**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations in the complaint as true, and discern whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is "not bound to accept as

true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court further explained "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Monarch

As an initial matter, Plaintiff fails to state a claim against Monarch. Although this Court recognizes *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff, *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give a defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996).

Here, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to connect any alleged occurrence to any specific injury, and she fails to identify how Monarch harmed her. Indeed, the Complaint lacks any factual allegations concerning Monarch, and does not assert a discernable legal claim against it. Merely listing a defendant in the caption of the complaint, but raising no specific factual allegations against said

defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). The Complaint against Monarch does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and any claims against Monarch are therefore dismissed on this basis.

Retaliation / Discrimination

Next, to the extent Plaintiff alleges retaliation or discrimination, she fails to state a claim upon which relief can be granted. Even accorded the deference to which a *pro se* pleading is entitled, Plaintiff's Complaint fails to meet the basic pleading requirements. In her Complaint, Plaintiff merely includes the label "Retaliation/Discrimination" and fails to provide any factual allegations to support this claim. This purely conclusory allegation of retaliation or discrimination is insufficient to suggest she has any plausible retaliation or discrimination claim against any defendant in the case. *See Lillard*, 76 F.3d at 726 (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *see also Vaughn v. Sec'y of the Dep't of Veterans Affairs*, 2022 WL 118186, at *2 (N.D. Ohio) (a complaint is properly dismissed for failure to state a claim under Section 1915(e)(2)(B) where it fails to provide any factual support for conclusory allegations that a defendant unlawfully discriminated or retaliated) (citing, *inter alia*, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief.")).

4

<u>Lack of Federal Jurisdiction</u>

The remainder of Plaintiff's Complaint appears to concern eviction proceedings in Toledo Municipal Court. This Court has no jurisdiction to address Plaintiff's state eviction proceedings.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority provided to them by the Constitution and Congress. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally, the Constitution and Congress provide federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C §§ 1331, 1332. Plaintiff's Complaint on its face fails to demonstrate either federal question or diversity jurisdiction. She has failed to demonstrate a basis for an exercise of federal diversity jurisdiction over her apparent state law claims regarding her rent or eviction as she indicates that she and Defendant Georgetown Village are both citizens of Ohio. *See* Doc. 1, at 1, Doc. 1-1, at 2; *see also Washington v. Sulzer Orthopedics, Inc.*, 2003 WL 22146143, at *1 (6th Cir.) ("A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'") (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

Plaintiff's Complaint on its face presents essentially a challenge to a rent dispute or eviction action based on Ohio law. Even with the Court's liberal construction, Plaintiff alleges no claim arising under federal law for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331.

Accordingly, there is no indication in the Complaint that this Court has subject matter jurisdiction to entertain Plaintiff's claims. On that basis alone, this Court must dismiss the Complaint pertaining to Plaintiff's eviction.

*Younger* Abstention

Even if Plaintiff had sufficiently established a federal claim to support jurisdiction, this Court cannot grant the relief she requests. The status of the eviction proceedings is not clear from the face of the Complaint. To the extent eviction proceedings against Plaintiff are still pending in the state court, however, this Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When an individual is the subject of an ongoing state action involving important state matters, she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or

civil in nature, so long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his or her claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, 2019 WL 3946191, at *3 (N.D. Ohio) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if the eviction proceedings against Plaintiff are still pending, all three factors supporting abstention are present. Eviction proceedings pending in a municipal court implicate important state interests. *See Dudley v. Michalak*, 2008 WL 750554, at *1 (N.D. Ohio) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court). And there is no suggestion in the Complaint that any purported claim concerning the eviction asserted by Plaintiff in this federal lawsuit is barred in the state action.

7

A contrary ruling by this Court would unduly interfere with state court proceedings. Therefore, even assuming a properly asserted federal claim, this Court must abstain from hearing Plaintiff's claims to the extent they are still pending in state court.

*Rooker/Feldman* Doctrine

Plaintiff does not clearly indicate what she hopes to accomplish by asserting her claim. To the extent Plaintiff's Complaint constitutes an appeal of a judgment entered in the Toledo Municipal Court in the hopes of obtaining a reversal of that judgment, this Court lacks subject matter jurisdiction to consider this claim pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co.*, 481 U.S. at 25)), *amended on other grounds*, 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to consider Plaintiff's Complaint to the extent that Plaintiff seeks relief from the consequences of the state proceedings.

*Res Judicata*

Finally, to the extent the state court proceedings have concluded and Plaintiff is seeking to litigate her eviction or rent dispute again in a different court in the hopes of achieving a different result, she is barred from doing so. Plaintiff cannot file an action in federal court to relitigate matters previously decided in state court proceedings. Federal courts must give the

same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.* Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994).

Here, it appears Plaintiff is challenging the validity of her eviction. But the Complaint indicates the issue of Plaintiff's eviction has already been considered and decided by Toledo Municipal Court. *See* Doc. 1, at 1 (". . . Toledo Municipal Court ordered for me to be evicted . . ."). Even if the causes of action in this action are new, the facts necessary to support those claims

9

were determined by the state court. This Court must give full faith and credit to that judgment. Plaintiff is therefore barred from relitigating those matters in this Court.

For all of the above reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff's Motion for a Protection Order (Doc. 3), be and the same hereby is DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                 s/ *James R. Knepp II*  
                                                 UNITED STATES DISTRICT JUDGE